IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Johnny S. Valentine, II, #339124, | ) | C/A No.: 1:18-2936-MGL-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Cpt. Marvin Nix; Lt. Kristy Leopard; Nurse Dolly Carver; and Rick Clarck, | ) | |
| Defendants. | ) | |

Johnny S. Valentine, II ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Captain Marvin Nix, Lieutenant Kristy Leopard, Nurse Dolly Carver, and Rick Clarck (collectively "Defendants"), alleging a violation of constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff filed this complaint concerning the conditions of his confinement at the Pickens County Detention Center from June to September 2018. [ECF No. 1 at 5]. Plaintiff claims: (a) he was held in substandard living conditions, (b) the building was in disrepair, (c) the facility lacked cleanliness, clean uniforms and linens, pest control, proper medical care and proper

medical housing, (d) he suffered untreated medical conditions, (e) the facility maintained unsafe and unsanitary food practices, (f) improperly staffed areas led to unsafe environments, (g) a denial of due process, and (h) improper new arrival processing. *Id.* at 6. Plaintiff alleges he was forced to sleep on a dirty floor due to an insufficient number of beds, and he claims the food was often raw, undercooked, sour, and not edible. *Id.* Plaintiff also alleges daily brutal and severe beatings by other inmates, sick call requests that were rarely answered, and a lack of dental care. *Id.* Plaintiff also claims inmates were forced to stand in the sun for several hours. *Id.* Plaintiff requests monetary damages. *Id.*

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A

claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S.

3

662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants. Accordingly, Plaintiff's civil rights claim should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by November 15, 2018, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the

amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 1, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge